

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
Plaintiff, )
)                                                          C.A. No.
v.                                                                  )
)   04-10722 MLW
ARROW LINE, INC. AND COACH USA, INC. )
Defendants. )
)

## COMPLAINT

### Count I (As Against Arrow Line, Inc.)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act. ("MPPAA") 29 U.S.C. §1381 *et. seq.*, brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e)-(f), 29 U.S.C. §1132(e)-(f), and ERISA §4301, 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

4. The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

5. Defendant Arrow Line, Inc. ("Arrow") is a Connecticut corporation with its principal place of business located in East Hartford, Connecticut.

6. At all times material to this Complaint, Arrow was obligated by the terms of one or more collective bargaining agreements between Arrow and Teamsters Local Union No. 559 and by the terms of an Agreement and Declaration of Trust to which Presto was bound to make contributions on behalf of certain employees to the Pension Fund.

7. At all times material to this Complaint, Arrow was an employer the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

8. On or about May 31, 2003, Arrow permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased covered operations under the Pension Fund, at which time the assets of Arrow were sold.

9. By letter dated September 23, 2003 and received by Arrow on or about September 23, 2003, the Pension Fund notified Arrow that it had withdrawn from the Fund. The Pension Fund demanded payment of Arrow's proportionate share of the Pension Fund's unfunded vested benefit liability.

10. In demanding payment of Arrow's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $340,411 or, alternatively, payment pursuant to a schedule, the first monthly payment of which was due to be made within 60 days of September 23, 2003 in the amount of $5,655, continuing for a period of 74 months with a final payment of $868.

11. On or about November 25, 2003, Arrow defaulted in its obligation to make its first interim payment of withdrawal liability to the Fund.

12. By Notice of Default dated December 3, 2003 and received by Arrow on or about December 8, 2003, the Fund notified Arrow that payment of the withdrawal liability was due in full if the default was not cured by January 25, 2004.

13. Defendant Arrow has not made any payments in accordance with the Pension Fund's demands.

14. Defendant Arrow has not initiated arbitration of any dispute concerning the Pension Fund's demand within the time period allowed by MPPAA.

WHEREFORE, plaintiff demands that judgment enter against Defendant Arrow in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. §1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability;

    b. interest on the withdrawal liability from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

2. Ordering such other and further relief as this court may deem just and proper.

### Count II (As Against Coach USA, Inc.)

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 of this Complaint as if set forth herein.

16. Defendant Coach USA, Inc. ("Coach") is a Texas corporation with its principal place of business located in Houston, TX.

17. Upon information and belief, on or about May 31, 2003, Coach owned at least 80% of the total combined voting power of all classes of stock of Defendant Arrow Line.

18. Defendant Coach is a trades or business under "common control" with Arrow Line within the meaning of 26 C.F.R. §1.414.

19. Defendant Coach as a trade or business under common control with Arrow Line, is an "employer" for purposes of assessing and collecting withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

20. Defendant Peter Pan is jointly and severally liable for the withdrawal liability of Arrow Line.

WHEREFORE, plaintiff demands that judgment enter against Defendant Coach in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. §1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability;

    b. interest on the withdrawal liability from the date the payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

2. Ordering such other and further relief as this court may deem just and proper.

### Count III

21. Plaintiff hereby incorporates by reference paragraphs 1-20 of this Complaint as if set forth herein.

22. By letter dated February 17, 2004 and received by Defendant Arrow on February 13, 2004, requested information from Defendant Arrow, which would permit the Fund in to comply with MPPAA, particularly in connection with its statutory obligation to collect withdrawal liability.

23. Defendant Arrow was obligated to respond to this request within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. 1399(a) and has failed to produce such evidence.

WHEREFORE, plaintiff demands that judgment enter against Defendant Arrow in accordance with 29 U.S.C. §1451:

1. Awarding the Pension Fund all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering that the Defendant Arrow respond to the Plaintiff's request for information which would assist in collecting the withdrawal liability owed; and

3. Awarding such other, further and different relief as may be just and proper.

Dated: 4/8/04

Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK
177 Milk Street
Boston, MA 02109
(617) 338-1976

Attorney for plaintiff,
Charles Langone

5

## CERTIFICATE OF SERVICE

    I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

Dated:                                 Catherine M. Campbell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Charles Langone, Fund Manager v. Arrow Line, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   **04-10722 MLW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES      **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES      **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES      **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **YES**      NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      **EASTERN DIVISION**      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION      ~~CENTRAL DIVISION~~      ~~WESTERN DIVISION~~

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Catherine M. Campbell, Esq.
ADDRESS Feinberg, Campbell & Zack, PC, 177 Milk Street, Boston, MA 02109
TELEPHONE NO. (617) 338-1976

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charles Langone, as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund

**DEFENDANTS**
Arrow Line, Inc. and Coach USA, Inc.

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Catherine M. Campbell
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

Attorneys (If Known)

**04-10722MLW**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action by Pension Fund under ERISA 29 U.S.C. Sec. 1001 et seq. to collect unpaid withdrawal liability.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: April __, 2004
SIGNATURE OF ATTORNEY OF RECORD: Catherine M. Campbell

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____