UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -1  P 2: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>vs.<br><br>ARROW LINE, INC. AND COACH USA, INC.,<br><br>Defendants. | Civil Action No. 04-10722 MLW |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Arrow Line, Inc. ("Arrow") and Coach USA, Inc. ("Coach") (collectively, "Defendants") file their Original Answer to Plaintiffs' Original Complaint ("Complaint"), and respectfully show as follows:

The Defendants make the following responses to the respective numbered allegations set forth in the Complaint:

### ANSWER TO COUNT I

1. Defendants admit only that Plaintiff is seeking relief against the Defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multi-Employer Pension Plan Amendment Act ("MPPAA"), 29 U.S.C. § 1381 *et seq.*, but deny that there is any legal or factual basis for Plaintiffs' action or claim for relief against Defendants. Each and every other allegation set forth in Paragraph 1 of the Complaint is denied.

2. Defendants admit that this Court has jurisdiction and venue lies with this district.

3. Defendants admit the allegations contained in Paragraph 3 of Count 1.

4. Defendants admit the allegations contained in Paragraph 4 of Count 1.

5. Defendants admit that Arrow has done business in East Hartford, Connecticut in the past, but denies that Defendant Arrow currently is doing business in Connecticut.

6. Defendants admit that there were in the past one or more collective bargaining agreements between Defendant Arrow and Teamsters Local Union 599. Each and every other allegation set forth in Paragraph 6 of the Complaint is denied.

7. Defendant Arrow admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Arrow admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant Arrow denies it received a letter providing notice that Defendant Arrow had withdrawn from the Pension Fund as alleged in Paragraph 9 of the Complaint. Defendant Arrow can neither admit nor deny that such letter (if any) demanded payment of Defendant Arrow's proportionate share of Pension Fund's unfunded vested benefit liability.

10. Having not received the letter, Defendant Arrow can neither admit nor deny that such letter (if any) requested immediate payment of alleged full amount liability of $340,411.00 or alternative monthly payments, but denies any obligation to make said payment for Pension Fund's failure to give Defendant Arrow notice.

11. Defendant Arrow admits that it has not made an interim payment to the Pension Fund, but denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant Arrow denies that the Pension Fund has ever delivered a Notice of Default to Defendant Arrow, and otherwise admits the allegations contained in Paragraph 12.

13. Defendant Arrow admits that it has not made payment but denies the remainder of

the allegations in Paragraph 13.

14. Defendant Arrow admits that it has not initiated arbitration, but denies the allegation in Paragraph 14 that the time period for initiating arbitration has expired.

### PRAYER

With respect to the Prayer for Relief that follows Paragraph 14 of the Complaint, Defendants deny each and every allegation of fact or conclusion of law set forth therein and further deny that the damages or relief sought in the Prayer are authorized by law or are appropriate for the claims alleged.

Each and every other allegation set forth in Count I Plaintiffs' Complaint that is not expressly admitted herein is denied.

### ANSWER TO COUNT II

15. Defendant Coach hereby incorporates by reference the specific admissions or denials to Paragraphs 1 through 14 of the Complaint as if set forth herein.

16. Defendant Coach denies that it is a Texas corporation, and admits the remainder of the allegations in paragraph 16.

17. Defendant Coach admits that it owns at least eighty percent (80%) of the total combined voting powers of all class of stock of Defendant Arrow.

18. Defendant Coach admits the allegations in Paragraph 18 of the Complaint.

19. Defendant Coach admits the allegations in Paragraph 19 of the Complaint.

20. Defendant Coach neither admits nor denies the allegations in Paragraph 20 of the Complaint.

### PRAYER

With respect to the Prayer for Relief that follows Paragraph 20 of the Complaint, Defendants deny each and every allegation of fact or conclusion of law set forth therein and

further deny that the damages or relief sought in the Prayer are authorized by law or are appropriate for the claims alleged.

Each and every other allegation set forth in Count II of Plaintiffs' Complaint that is not expressly admitted herein is denied.

## ANSWER TO COUNT III

21. Defendants hereby incorporate by reference Paragraphs 1 through 20 of their answer to the Complaint as if set forth herein.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

## PRAYER

With respect to the Prayer for Relief that follows Paragraph 43 of the Complaint, Defendants deny each and every allegation of fact or conclusion of law set forth therein and further deny that the damages or relief sought in the Prayer are authorized by law or are appropriate for the claims alleged.

Each and every other allegation set forth in Count III of Plaintiffs' Complaint that is not expressly admitted herein is denied.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to satisfy all conditions precedent, including, but not limited to, notifying Defendant Arrow in accordance with Section 4219 of ERISA.

## THIRD DEFENSE

Plaintiffs have asserted claims against improper parties.

WHEREFORE, Defendants request:

1. that the action against Defendants be dismissed with prejudice;

2.  that judgment be entered in favor of Defendants;

3.  that Defendants be awarded their attorney's fees and costs incurred in defending this action; and

4.  that the Court grant such other and further relief to which Defendants may show themselves to be entitled.

Respectfully submitted,

*/s/ Alan S. Leibel (AR)*
Alan S. Leibel
Texas Bar# 12075500
Federal I.D.# 9861

JENKENS & GILCHRIST
a *Professional Corporation*
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
Telephone: (214) 855-4500
Facsimile: (214) 855-4300

and

*/s/ Nicholas C. Theodorou*
Nicholas C. Theodorou
BBO# 495730
Dean Richlin
BBO# 419200
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000

**ATTORNEY FOR DEFENDANTS**

**DEFENDANTS' ORIGINAL ANSWER**                                                              Page 5
DALLAS3 949415v2 40977-00063

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Arrow Line, Inc. and Coach USA, Inc., certifies that he did cause a true and correct copy of the foregoing DEFENDANTS' ORIGINAL ANSWER to be served on June 1, 2004 by hand upon the following counsel of record:

                                    Catherine M. Campbell
                                    Feinberg, Campbell & Zack, P.C.
                                    177 Milk Street, Suite 300
                                    Boston, MA 02109

                                    _____
                                    Dean Richlin